UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED

07 OCT 30 AM 10: 20

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>**Pedro RENTERIA-Sanchez**  )<br>**AKA: Pedro Espinoza**  )<br>)<br>Defendant.  )<br>_____) | Magistrate Case No. **07 MJ 2553**<br>BY:     DEPUTY<br><u>COMPLAINT FOR VIOLATION OF</u><br><br>Title 8, U.S.C., Section 1326<br>Attempted Entry After<br>Deportation (Felony) |

The undersigned complainant being duly sworn states:

On or about October 29, 2007, within the Southern District of California, defendant **Pedro RENTERIA-Sanchez, AKA: Pedro Espinoza**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Mario Avila, U.S. Customs & Border
Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this 30th day of October 2007.

_____
UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On October 29, 2007 at approximately 1055 hours, a male individual identified as **Pedro RENTERIA-Sanchez AKA Pedro Espinoza (Defendant),** attempted to enter the United States from Mexico at the San Ysidro, California, Port of Entry, Pedestrian Primary lanes. Defendant stated to a U.S. Customs and Border Protection (CBP) Officer that he is a United States citizen by virtue of derivation from his mother. Defendant did not present any form of valid identification to the CBP Officer. Defendant stated to the CBP Officer his intention of traveling to San Diego, CA. The CBP Officer escorted Defendant and vehicle to Secondary for further inspection

During Secondary Inspection, Defendant was queried by fingerprint and photograph through the Automated Biometric Identification System (IDENT) and the Integrated Automated Fingerprint Identification System (IAFIS) which confirmed Defendant's identity. Further queries using the Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed Defendant to be a citizen of Mexico with no legal documents or entitlements to enter the United States. Defendant was found to be deportable by an Immigration Judge on September 26, 2005 and was subsequently removed from the United States to Mexico. CBP records indicate no evidence that Defendant has applied for, nor received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.

Defendant was advised of his Miranda rights and elected to answer questions without the benefit of counsel. Defendant stated he entered the Port of Entry to seek information. Defendant admitted he is a citizen of Mexico by virtue of his birth in Tijuana, Mexico. Defendant admitted to having been previously ordered deported and removed from the United States by an Immigration Judge. Defendant admitted to not having received authorization to lawfully re-enter the United States.